UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:18-CR-582 |
| THOMAS HENRY HARTHAN, Defendant | § § § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and the defendant, Thomas Henry Harthan ("Defendant"), and Defendant's counsel, Joshua Lake, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 2 and 3 of the Indictment. Count 2 charges Defendant with **Receipt of Child Pornography**, in violation of Title 18, United States Code, Section 2252(a)(2)(B) & 2252(b)(1). Count 3 charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(5)(b) & 2252A(b)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2252(a)(2)(B) & 2252(b)(1), is imprisonment for not less than 5 years and not more than

20 years and a fine of not more than $250,000.00.   The **statutory** maximum penalty for a violation

of Title 18, United States Code, Section 2252A(a)(5)(b) & 2252A(b)(2), is imprisonment up to 10

years and a fine of not more than $250,000.00. Additionally, under Counts 2 and 3, Defendant may

receive a term of supervised release after imprisonment of no less than 5 years and up to life.  *See*

Title 18, United States Code, sections 3559(a)(3) and 3583(k).   Defendant acknowledges and

understands that if he should violate the conditions of any period of supervised release which may

be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of

supervised release, without credit for time already served on the term of supervised release prior

to such violation.   *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k).   Defendant

understands that he cannot have the imposition or execution of the sentence suspended, nor is he

eligible for parole.

### Mandatory Special Assessment

3.   Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after

sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment

in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by

cashier's check or money order, payable to the Clerk of the United States District Court, c/o District

Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4.   Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines

that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United

States District Court a special assessment in the amount of five thousand dollars ($5000.00) per

count of conviction.   The payment will be by cashier's check or money order, payable to the

Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston,

TX 77208, Attention: Finance.

## Immigration Consequences

5.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.   Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

6.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing

range under the sentencing guidelines that he may have received from his counsel, the United

States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea,

and is not binding on the United States, the Probation Office or the Court.   The United States does

not make any promise or representation concerning what sentence the defendant will receive.

Defendant further understands and agrees that the United States Sentencing Guidelines are

"effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005).

Accordingly, Defendant understands that, although the Court must consult the Sentencing

Guidelines and must take them into account when sentencing Defendant, the Court is not bound

to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.   Defendant understands and agrees that each and all waivers contained in the Agreement

are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9.   The United States agrees to each of the following:

(a)      If Defendant pleads guilty to Counts 2 and 3 of the indictment and persists
in that plea through sentencing, and if the Court accepts this plea agreement, the
United States will move to dismiss any remaining counts of the indictment at the
time of sentencing;

(b)      If the Court determines that Defendant qualifies for an adjustment under
section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level
prior to operation of section 3E1.1(a) is 16 or greater, the United States will move
under section 3E1.1(b) for an additional one-level reduction because Defendant
timely notified authorities of his intent to plead guilty, thereby permitting the
United States to avoid preparing for trial and permitting the United States and the
Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

10. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless

5

acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

**Rights at Trial**

13. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

6

**Factual Basis for Guilty Plea**

14.   Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 2 and 3 of the Indictment.   If this case were to proceed to trial, the United States could prove each element of the offenses beyond a reasonable doubt.   The following facts, among others would be offered to establish the Defendant's guilt:

On February 5, 2018, while in pursuit of users sharing known child pornography materials on the BitTorrent Peer-To-Peer file sharing network, Special Agent (SA) Guerra identified a computer utilizing the Internet Protocol (IP) addresses 108.237.57.228 as a potential download candidate, or source, with several files with hash values consistent with known child pornography.

On the date listed above, SA Guerra successfully downloaded 1 video file that the computer utilizing the IP address stated above was making available. A review conducted of the downloaded file confirmed that the video met the federal definition of child pornography.

On February 7, 2018, a subpoena was served to AT&T Internet Services in pursuit of subscriber information associated with the IP address stated above. The results of the subpoena identified Thomas Harthan as the subscriber for IP address 108.237.57.228.

Below is a description of the two child pornography files downloaded from the above IP address on February 5, 2018:

Title: MVI_0084.mpg – a video file that is approximately 22 minutes in length depicting an underage female, who appears to be under the age of 12, being vaginally penetrated by an adult male's tongue. Later in the video, the adult male can also be seen attempting to vaginally penetrate the child with his penis.

7

Title: Spermed Little Girls Mix.mpeg – a video file that is approximately 7 minutes and 5 seconds in length depicting several underage females. The age of the underage females depicted in the video appear to be between the ages of 5 – 14 years of age. The children depicted are being vaginally and orally penetrated by an adult male's penis.

On March 19, 2018, SA Guerra conducted physical surveillance at the residential address where a double wide trailer was observed to be the primary residence.

On April 6, 2018, a federal search warrant was executed at the residence. Present at the time of entry was Harthan, his wife, as well as their minor children and grandchildren. Pre- and post- search photographs were taken as well as a sketch of the residence. One Dell Inspirion laptop and an LG Modisk desktop computer were seized.

Harthan was read his Miranda Rights and interviewed pursuant to the federal search warrant. As a general summary, Harthan stated as follows:

Harthan resides in the residence with his wife, their two children, ages 11 and 13, as well as three grandchildren, ages 13, 11, and 17. Harthan stated he was self-employed as a general contractor.

Harthan stated the only child with a laptop is the 17 year old grand child. Harthan stated the laptop located in the living room is his own personal laptop. Harthan stated his laptop is not password protected and has owned his laptop for approximately 8 years.

Harthan admitted that child pornography would be found on his laptop and that he uses the program uTorrent to download it. Harthan admitted to using the uTorrent program as recently as a few days ago to download child pornography. He also admitted that he currently had a child pornography video downloading to his laptop computer via the uTorrent program.

8

Harthan stated he did not know how much child pornography would be found on his laptop, but he indicated the majority of the material found would be videos, not images. Harthan stated he has been downloading child pornography for the last few months.

Harthan stated that any child pornography found on his laptop computer during the course of the search warrant was placed there by him and no one else. None of his family members had anything to do with the child pornography. Harthan stated the child pornography was stored in the "downloads" folder located on his laptop. Harthan stated his common practice was to download the child pornography, view it, then delete it.

Harthan stated he first came across child pornography approximately 5-6 years ago. Harthan stated his general interests in regards to child pornography would be materials depicting female children, who are over the ages of 8-10.

Harthan stated he looks at child pornography while his wife and kids are asleep. No one has ever caught him looking at child pornography.

Harthan stated he knew child pornography was illegal, but he continued to look at it because he did not know it was that big of a deal. Harthan admitted to using the Tor browser to seek out and view child pornography. Harthan could not recall the child pornography website he would go to while using Tor. Harthan stated he had the websites book marked on his Tor browser.

SA Guerra completed a review of the evidence seized pursuant to a search warrant executed at the residence. SA Guerra found approximately 380 images and 221 videos depicting child pornography on the items reviewed. SA Guerra observed at least 2 video files depicting the bondage of a child. SA Guerra observed over 35 video files depicting child pornography that were over 5 minutes in length. Lastly, SA Guerra observed several files depicting the penetration of a

minor, who appeared to be under the age of 5. Below is a description of two video files found on the items reviewed by SA Guerra:

Title: Bondage_11yo_Girl.avi – a video file that is 13 minutes and 10 seconds in length depicting a minor female, who appears to be under the age of 12 being orally penetrated by an adult male's penis. At one point in the video, the minor female can be seen with her hand and legs bound to a bench while being orally penetrated by an adult male's penis.

Title: VID-20170103-WA0005.mp4.mpg – a video file that is 13 minutes and 10 seconds in length depicting a minor female, who appears to be under the age of 5, being vaginally penetrated by an adult male's tongue.

The child pornography was found on the following items: Dell Inspiron 7720 laptop computer, containing a Samsung HD, s/n: S2WZJ90D447247, manufactured in China.

### Breach of Plea Agreement

15.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.   If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

16.   This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets

10

over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

17. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

19. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

20. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s)

11

incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing.   Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

21.   Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

22.   Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23.   Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

25.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any

imprisonment or term of supervised release, if any.   Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Notification of the Sex Offender Registration and Notification Act

26.   Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions:   where he resides; where he is an employee; and where he is a student.   The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information.   The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status.   Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

### Complete Agreement

27.   This written plea agreement, consisting of 16 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that

no threats have been made against him and that he is pleading guilty freely and voluntarily because

he is guilty.

28.   Any modification of this plea agreement must be in writing and signed by all

parties.

Filed at ___*Houston*___ , Texas, on ___*November 7*___ , 2019.

_____
Defendant

Subscribed and sworn to before me on ___*November 7*___ , 2019.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By:   _____
Deputy United States District Clerk

APPROVED:
    Ryan K. Patrick
    United States Attorney

By: _____
    Sherri L. Zack
    Assistant United States Attorney
    Southern District of Texas

_____
Ben Pearce
Attorney for Defendant

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:18-CR-582 |
| THOMAS HENRY HARTHAN, | § | |
| Defendant | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          _____11/7/19_____
Attorney for Defendant                              Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual

15

which may apply in my case.   I have read and carefully reviewed every part of this plea agreement

with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____
Defendant

11 / 7 / 19
_____
Date

16